UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS SIMPSON,

Petitioner,

- <em>against</em> -

FLUENT INC.,

Respondent.

<strong><u>ORDER</u></strong>

23-mc-00475 (ER)

<u>Ramos, D.J.:</u>

On December 11, 2023, Douglas Simpson moved to compel Fluent Inc. to respond to a nonparty subpoena seeking documents related to an action in the Middle District of Florida. Doc. 1. The Court granted Simpson's motion on December 15, 2023, but stated that the order was without prejudice to Fluent's ability to make any appropriate motion for relief. Doc. 4. After Fluent moved for relief from the order on December 19, 2023, Doc. 5, the Court granted Fluent's motion, stayed its previous order, and set a briefing schedule on the motion to compel, Doc. 6. The motion is now fully briefed. Docs. 7, 8.

Pursuant to Rule 45(f), "[w]hen the court where compliance [with a subpoena] is required did not issue the subpoena, it may transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The advisory committee notes to Rule 45 state that

> the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many

districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

This Court has previously transferred similar motions due to "the posture and complexity of the underlying action," "risk of conflicting rulings," and to avoid unnecessary delay.  *SBA Communications Corp. v. Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019).  Other courts in this District have transferred motions where the judge in the underlying case has already been managing discovery, *Google LLC v. Fortress Investment Group LLC*, No. 20 Misc. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020), and where that judge has more knowledge of the case that would help resolve the issues, *Stanziale v. Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007); *Iwanksi v. Milliman, Inc.*, 472 F. Supp. 3d 104, 104 (S.D.N.Y. 2020), *report and recommendation adopted*, No. 20 Misc. 224 (GBD) (SLC), 2020 WL 5665696 (S.D.N.Y. Aug. 13, 2020).

Based on these considerations, the Court concludes that transfer is appropriate.[1]  First, Fluent appears to consent to transfer of the motion, at least insofar as "the Court is not inclined to deny the [m]otion on its merits."[2]  Doc. 7 at 10–11; *see* Fed. R. Civ. P. 45(f) (permitting transfer "if the person subject to the subpoena consents").  In addition, the Court finds that the issuing court is best positioned to address this dispute given the procedural posture of the underlying case.  Since the instant motion was filed, the issuing court has issued an order denying a motion to dismiss,[3] ordered and amended a discovery schedule, and stayed its proceedings—including

---

[1]  Although the Court previously granted the motion to compel, because it granted Fluent's motion for relief, in effect, it "did not issue the subpoena." Fed. R. Civ. P. 45(f).  Therefore, Rule 45(f) allows for transfer of the motion.

[2]  While Rule 45(f) is agnostic as to the movant's desire to the transfer the motion, the Court also notes that Simpson agrees that the motion should be transferred "if th[e] Court is not inclined to grant the motion."  Doc. 8 at 3.

[3]  The Court also considers it significant that Fluent's only substantive argument for denying the instant motion was based on the possibility that the issuing court might grant the motion to dismiss. Doc. 7 at 4–8.

the deadlines in the scheduling order—due to a pending bankruptcy action. The issuing court also continues to supervise the parties through periodic status reports. To ensure consistent rulings, promote judicial economy, and avoid disrupting the issuing court's management of the underlying case, the Court therefore transfers the motion.

The Clerk of the Court is respectfully directed to re-open and transfer this case to the Middle District of Florida.

It is SO ORDERED.

Dated:    April 14, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.